UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ELLICK JONES,<br><br>      Plaintiff,<br><br>vs.<br><br>ALL MAIL ROOM STAFF, *et al.*,<br><br>      Defendants. | Case No. 1:12-cv-01497-RRB<br><br>**DISMISSAL ORDER** |

Edward Ellick Jones, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983. Jones is currently incarcerated at the California State Substance Abuse Facility, Corcoran ("SATF"). This Court in initially screening Jones' complaint dismissed with leave to amend.[1] At Docket 13, Jones, in compliance with that Order, filed his Amended Complaint.[2]

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1]      Docket 12.

[2]      In his Amended Complaint Jones has named several prison guards and Warden Ralph M. Diaz, as well as unnamed prison guards and mailroom personnel.

[3]      28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4]

A prisoner must exhaust all administrative remedies as may be available,[5] irrespective of whether those administrative remedies provide for monetary relief.[6] Furthermore, a prisoner must exhaust his administrative remedies prior to filing suit, not during the pendency of the suit.[7] California Law provides for three levels of administrative review.[8] A prisoner is not required to affirmatively plead exhaustion. Instead, exhaustion is an affirmative defense to be raised and proven by the defense.[9] On the other hand, "[a]

---

[4] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[6] *See Booth*, 532 U.S. at 734.

[7] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

[8] Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

[9] *Jones v. Bock*, 549 U.S. 199, 212–17 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

DISMISSAL ORDER
*Jones v. All Mail Room Staff, et al.*, 1:12-cv-01497-RRB – 2

complaint is subject to dismissal for failure to state a claim if the allegations of the Complaint, taken as true, show the plaintiff is not entitled to relief."[10]

The original Complaint, which bears a date of August 16, 2012 was stamped as received by this Court and filed on September 13, 2012. Attached as exhibits to Jones' Amended Complaint are copies of his administrative appeals concerning his complaints *vis-a-vis* the refusal to properly process his legal mail and the alleged violation of his privacy rights by the disclosure of the sensitive personal medical information. On August 15, 2012, the day before he signed the complaint initiating the action in this Court, Jones initiated a CDCR 602 "Inmate Parolee Appeal." After a somewhat Quixotic battle with prison authorities concerning procedural matters, Jones' appeal was denied at the first level on December 31, 2012.[11] After unsuccessfully challenging the denial at the second level, Jones' third-level departmental appeal was denied on May 3, 2013,[12] nearly nine months after Jones initiated this action. Having failed to exhaust his applicable administrative remedies prior to filing this action it must be dismissed without leave to amend, but also without prejudice to refiling.

**IT IS THEREFORE ORDERED** that the Amended Complaint on file herein at **Docket 13** is hereby **DISMISSED**, without prejudice or leave to amend.

---

[10]     *Jones*, 549 U.S. at 215 (noting that if the allegations show that relief is barred by the applicable statute of limitations, an affirmative defense, the complaint is subject to dismissal).

[11]     Docket 13 at 36–37.

[12]     Docket 13 at 34–35.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 16th day of July 2013.

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE